UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAY COBIA,                                Civil Action No. 1:16-cv-727

    Plaintiff,                          Black, J.
                                       Bowman, M.J

  vs.

STATE OF OHIO, *et al.*,

    Defendants.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendants' motion for judgment on the pleadings and motions to dismiss (Docs. 17, 20, 27) and the parties' responsive memoranda. The motions will be addressed in turn.

**I. Background and Facts**

Plaintiff Ray Cobia was charged, tried and convicted by a jury for sexually related offenses that occurred in 2004 and 2013. In both instances, he committed a sexual offense against a female victim and then attempted to intimidate the victim into not reporting the offense by claiming he was a law enforcement officer. The Ohio First District Court of Appeals overturned the 2013 conviction because the trial judge permitted the 2004 victim to testify in the 2013 case. Cobia then filed suit against the State of Ohio, Hamilton County Ohio Prosecutor's Office, and the City of Cincinnati raising claims of malicious prosecution, defamation of character, and wrongful imprisonment resulting from his 2004 and 2013 prosecutions.

Now, Plaintiff filed the instant action challenging the validity of his state court convictions and seeking monetary damages for his alleged wrongful imprisonment.

Upon initial screening of this action pursuant to §1915, the undersigned issued a Report and Recommendation ("R&R") that the matter be dismissed for failure to state a claim upon which relief may be granted. (Doc. 4). The District Judge, however, denied the R&R and granted Plaintiff's motion to amend the complaint to add more detailed information relating to the reversal of his 2013 conviction. (Doc. 8). Thereafter, Plaintiff filed his amended complaint. (Doc. 9).

Plaintiff's amended complaint purports to bring claims against the State of Ohio related to incidents with the Cincinnati Police Department and criminal charges prosecuted against him by the Hamilton County Prosecutor's Office. (See Doc. 9 at 2). Plaintiff alleges that Asia Anderson made a false allegation of rape against him. *Id*. He further alleges that the Cincinnati Police Department investigated the allegation and "believed" the claim to be "untrue." *Id.* He alleges that, despite believing the claim to be untrue, the Police Department forwarded the investigation to the Hamilton County Prosecutor's Office. *Id.* The Prosecutor's Office prosecuted the case, and allegedly included charges that were "unconstitutional and unsupported." *Id.* at 2-3.

Defendants now seek dismissal of Plaintiff's claims against them. The motions will be addressed in turn.

**II. Analysis**

*A. City of Cincinnati's Motion for Judgment on the Pleadings (Doc. 17)*

To survive a motion for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Roth*

2

*Steel Products v. Sharon Steel Corporation*, 705 F.2d 134, 155 (6th Cir. 1983). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Lewis v. ACB Business Seru., Inc.*, 135 F.3d 389, 405 (6th Cir. 1988); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). It is not enough that the complaint contains "an unadorned, the defendant-unlawfully harmed-me accusation." *Ashcroft v. Igbal*, 556 U.S. 662, 678 (2009). Conclusory statements which recite a cause of action are not sufficient. *Id.* The complaint must contain more than allegations the defendant may have possibly acted unlawfully. Even allegations that are consistent with a defendant's liability are insufficient. *Id.* Instead, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id. See also Corie v. Alcoa Wheel & Forget Products*, 577 F.3d 625 (6th Cir. 2009). If it is not plausible that the factual allegations will lead to the requested relief, the defendant is entitled to judgment as a matter of law.

Here, Defendant City of Cincinnati Police Department (hereinafter the "City") asserts that it is entitled to judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) because the Amended Complaint does not allege facts sufficient to plausibly lead to liability for the City. The undersigned agrees.

As noted above, Plaintiff's civil rights complaint against the City includes claims for malicious prosecution, defamation of character, and wrongful imprisonment resulting from his 2004 and 2013 prosecutions, and seeking punitive damages and lost wages.

In order to maintain an action under 42 U.S.C. § 1983, plaintiff must allege that the person engaging in the offensive conduct was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of

the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir.1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)).

A municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Only where the action of the municipality reflects a "deliberate" or "conscious" choice by a municipality, i.e., a "policy," can a city be liable for such a failure under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Failure to train, supervise, investigate or discipline municipal employees, which constitutes deliberate indifference, can serve as the basis for imposing liability on a municipal employer for the constitutional torts committed by its employees. *Id.* As such, governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *See Monell,* 436 U.S. at 692 ; *see also Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 344 (6th Cir.2007). To state a claim for relief, the plaintiff must "identify the policy, connect the policy to the [municipal or local governmental entity] ... and show that the particular injury was incurred because of the execution of that policy." *Aladimi v. Hamitlon County Justice Center*, 2012 WL 292587, at *7 (quoting *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw,* 358 F.3d 377, 383 (6th Cir. 2004)). No such allegations against the City appear in plaintiff's amended complaint. As noted by Defendants, Plaintiff has not alleged any facts that the City itself has engaged in any unconstitutional policy or custom that injured him in either of his arrests or

4

prosecutions. Accordingly, the City is entitled to judgment as a matter of law on Plaintiff's 1983 claim.

B. *State of Ohio's Motion to Dismiss[1] (Doc. 20)*

Plaintiff's amended complaint fails to make any allegations against the State of Ohio. Plaintiff purports to bring malicious prosecution, defamation, and wrongful imprisonment claims against the State. *Id.* at 3. Plaintiff requests nearly $6 million in damages. *Id.* It is unclear why Plaintiff included the State of Ohio as a Defendant in this case. However, the State is absolutely immune from this suit, Plaintiff has failed to effectuate service on the State of Ohio, and Plaintiff has failed to state a claim for relief.

The complaint against the State of Ohio must be dismissed because the State of Ohio is immune from suit in this federal court. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case. The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights. *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 449, 460 (6th Cir. 1982); *Ohio*

---

[1] On September 22, 2016, this Court granted Plaintiff's motion to amend the complaint, and ordered Plaintiff to file an amended complaint. (Doc. 8). On the same day, Plaintiff filed his amended complaint and summons was issued to the Defendants. (Docs. 9, 10). However, although Plaintiff named the State of Ohio as a Defendant, he had summons issued to the State at the Hamilton County Prosecutor's Office. (*See* Doc. 12). Although the State of Ohio does not maintain an office at the Hamilton County Prosecutor's Office, it appears that someone at the Prosecutor's Office incorrectly accepted service on behalf of the State. *Id.*

*Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976). Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations. *Ex Parte Young*, 209 U.S. 123 (1908). In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 341–43, 345 (1979). Therefore, the State of Ohio is immune from suit in this case and plaintiff's claims against the State of Ohio should be dismissed.

      C. *Hamilton County Prosecutor's Office Motion to Dismiss* (Doc. 27)

Also before the Court is Defendant Hamilton County Prosecutor's Office ("HCPO") motion to dismissed Plaintiff's amended complaint pursuant to Fed.R. Civ. P. 12(b)(6).[2] HCPO asserts that it is immune from Plaintiff's suit under both Federal absolute immunity and state law immunity under O.R.C. § 2744.03 (A)(7). The undersigned agrees that Plaintiff's claims against the Hamilton County Prosecutor's Office must also be dismissed because plaintiff seeks relief from a defendant who is immune from such relief.

"Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir.1998) (*quoting Imbler v. Pachtman*, 424

---

[2] In its reply memorandum, HCPO noted that its motion was incorrectly labeled as a Motion to Dismiss. Doc. 27. In this regard, HCPO contends that because an answer had already been filed by County Defendant, the motion should have been filed as a Motion for Judgment on the pleadings under Fed. R. Civ. P. 12(c). However, an incorrect reference to the Rules is not fatal where the substance of the motion is plain. *See Wanger v. Higgins*, 754 F.2d 186, 188 (6th Cir. 1985). (Motion, though improperly referred to as one for failure to state a claim upon which relief could be granted, was actually for judgment on the pleadings, and that incorrect reference was not fatal, as substance of the motion was plain and no surprise or other prejudice to plaintiff was claimed). Such is the case here. Moreover, the same legal standard applies when deciding motions pursuant to Rule 12(b)(6) for failure to state a claim or Rule 12(c) for judgment on the pleadings. Fed.R.Civ.P. 12(b)(6) and (c); *Sensations, Inc., v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir.2008); *Tucker v. Middleburg–Legacy Place, LLC*, 539 F.3d 545, 549–50 (6th Cir.2008).

U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir.1986). A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir.1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson*, 330 F.3d 791, 797–98 (6th Cir.2004). *See also Imbler*, 424 U.S. at 413, 430; *Buckley v. Fitzsimmons*, 509 U.S. 259, 267 n. 3, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy*, 151 F.3d 493, 498 n. 7 (6th Cir.1998).

Here, Plaintiff's complaint indicates that the prosecutor was performing his official role in initiating and prosecuting criminal charges. Accordingly, HCPO is immune from suit.

*D. State law claims*

Finally, to the extent plaintiff seeks to raise state law claims (including but not limited to defamation, wrongful imprisonment, malicious prosecution) pendent jurisdiction should not be exercised to consider the state-law claims because plaintiff has failed to state a viable federal claim. *See United States Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); see also *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir.2009) (*quoting Wojnicz v. Davis*, 80 F. App'x 382, 384–85 (6th

7

Cir.2003)) ("If the federal claims are all dismissed before trial, the state claims generally should be dismissed as well").

### IV. Conclusion

In light of the foregoing, it is therefore **RECOMMENDED** that: Defendants' motion for judgment on the pleadings (Doc. 17) and Defendants' motions to dismiss (Docs. 20, 27) be **GRANTED** and this matter terminated from the active docket of the Court.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

RAY COBIA,                                        Civil Action No. 1:16-cv-727

    Plaintiff,                                 Black, J.
                                               Bowman, M.J

vs.

STATE OF OHIO, *et al.*,

    Defendants.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).