UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RAY COBIA, | : | Case No. 1:16-cv-727 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| STATE OF OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY:
(1) ADOPTING THE REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE (Doc. 42);
(2) OVERRULING PLAINTIFF'S OBJECTIONS TO THE
REPORT AND RECOMMENDATION (Doc. 44);
(3) GRANTING THE CITY OF CINCINNATI POLICE DEPARTMENT'S
MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. 17);
(4) GRANTING THE STATE OF OHIO'S MOTION TO DISMISS (Doc. 20);
(5) GRANTING THE HAMILTON COUNTY PROSECUTOR'S OFFICE'S
MOTION TO DISMISS (Doc. 27);
(6) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SUR-REPLY (Doc. 45);
(7) OVERRULING PLAINTIFF'S OBJECTION TO THE
MAGISTRATE JUDGE'S ORDER (Doc. 41); and
(8) TERMINATING THIS CASE FROM THE DOCKET**

**I.     INTRODUCTION**

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman.  Pursuant to such reference, the Magistrate Judge reviewed the pleadings and memoranda filed with this Court, and on May 22, 2017, submitted a Report and Recommendation (Doc. 42) which recommended that this Court grant the City of Cincinnati Police Department's ("City") motion for

judgment on the pleadings (Doc. 17); grant the State of Ohio's ("State") motion to dismiss (Doc. 20); and grant the motion to dismiss of the Hamilton County Prosecutor's Office ("HCPO") (Doc. 27). Plaintiff timely filed objections. (Doc. 44). Concurrent with his objections, Plaintiff filed a motion requesting leave to file a sur-reply in opposition to the City's motion for judgment on the pleadings and the State's motion to dismiss. (Doc. 45).

Also before the Court is the Magistrate's Order ("Order") (Doc. 40) overruling Plaintiff's motion to appoint legal counsel, as well as Plaintiff's objection to the Order (Doc. 41).

## II. ANALYSIS

### A. The Magistrate Judge's Report and Recommendation

In the Report and Recommendation (Doc. 42), the Magistrate Judge Recommended that the Court (1) grant the City's motion for judgment on the pleadings because Plaintiff failed to state a viable claim against the City; (2) grant the State's motion to dismiss because the State is immune from this lawsuit, Plaintiff failed to serve the state, and Plaintiff failed to state a viable claim against the State; and (3) grant the HCPO's motion to dismiss because it is immune from this lawsuit.

Plaintiff's objections to the Report and Recommendation merely restate the facts alleged in the Complaint. (*See* Doc. 44). The objections do not offer any legal argument as to the viability of Plaintiff's claims against any Defendant. (*Id.*)

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all

of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendation should be and is hereby adopted in its entirety and Plaintiff's objections to the Report and Recommendation are overruled.

### B. Plaintiff's Motion for Leave to file a Sur-Reply

Concurrent with the objections, Plaintiff filed a motion requesting leave to file a sur-reply, which appears to request permission to file additional memoranda in opposition to the City's motion for judgment on the pleadings and the State's motion to dismiss. (Doc. 45). Plaintiff's motion for leave—which was not filed until several months after the briefing periods for both motions had concluded and the Magistrate Judge already issued the Report and Recommendation—is not well-taken. This Court's Local Rules provide for motions to be decided upon consideration of the motion, an opposition, and a reply. *See* S.D. Ohio Civ. R. 7.2(a)(2). Additional memoranda are prohibited absent a showing of "good cause." *Id.* Plaintiff has not set forth any argument as to why good cause exists for a sur-reply to any pending motion. Plaintiff's motion for leave to file a sur-reply (Doc. 45) is therefore denied.

### C. The Magistrate Judge's Order

On February 8, 2017, the Magistrate Judge entered the Order (Doc. 40) which denied Plaintiff's motion to appoint counsel (Doc. 5). The Order noted that civil litigants do not have a constitutional right to counsel at government expense. (Doc. 40 at 1). The Order reasoned that Plaintiff has presented legible and articulate claims in this case, and accordingly has failed to demonstrate the type of exceptional circumstances that would justify the appointment of free counsel for a *pro se* civil litigant. (*Id.*)

On February 28, 2017, Plaintiff filed an objection to the Order.  (Doc. 41). Plaintiff's objection argues that Plaintiff is at a disadvantage in this lawsuit because he is not a licensed attorney.  (*Id.* at 1).  The objection also argues that Plaintiff should be provided an attorney so that he is not accused of trying to practice law without a license. (*Id.*)

Because the Order is not dispositive of Plaintiff's claims, this Court's review is governed by Fed. R. Civ. P. 72(a), which allows a district judge to set aside or modify any part of a magistrate judge's non-dispositive order that is "clearly erroneous" or "contrary to law."  The "clearly erroneous" standard applies only to factual findings made by the Magistrate Judge, while legal conclusions are reviewed under the more lenient "contrary to law" standard.  *United States SEC v. Sierra Brokerage Servs.*, No. 2:03-cv-326, 2005 U.S. Dist. LEXIS 23866 at * 11 (S.D. Ohio Oct. 18, 2005) (citation omitted). A finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made.  *Id.* at ** 11-12 (citations omitted).  A decision is "contrary to law" when the magistrate judge has "misinterpreted or misapplied" applicable law.  *Id.* at * 12 (citations omitted).

Plaintiff's objection to the Order is not well-taken for two reasons.  First, to the extent Plaintiff is concerned about engaging in the unauthorized practice of law, the Court recognizes Plaintiff's right to appear *pro se* in this civil action.  *See* 28 U.S.C. § 1654.

Second, Plaintiff's objection does not set forth any argument indicating that the Order constitutes a mistake, or that the Magistrate Judge misinterpreted or misapplied

4

applicable law.  Upon review, the Court cannot conclude that the Order was clearly erroneous or contrary to law, and Plaintiff's objection (Doc. 41) is overruled.  *See* Fed. R. Civ. P. 72(a).

### III. CONCLUSION

Accordingly, for the foregoing reasons:

1. The Report and Recommendation (Doc. 42) is **ADOPTED**;

2. Plaintiff's objections to the Report and Recommendation (Doc. 44) are **OVERRULED**;

3. The City's motion for judgment on the pleadings (Doc. 17) is **GRANTED**;

4. The State of Ohio's motion to dismiss (Doc. 20) is **GRANTED**;

5. The Hamilton County Prosecutor's Office's motion to dismiss (Doc. 27) is **GRANTED;**

6. Plaintiff's motion for leave to file a sur-reply (Doc. 45) is **DENIED;**

7. Plaintiff's objection to the Magistrate Judge's Order (Doc. 41) is **OVERRULED**; and

8. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date:  7/13/17

*Timothy S. Black*
Timothy S. Black
United States District Judge